UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

FIRMODE (INTERNATIONAL) COMPANY
LIMITED,

                Plaintiff,      ORDER

            - against -      CV 2008-4890 (JG)(MDG)

INTERNATIONAL WATCH GROUP, INC., et
al.

                Defendants.

- - - - - - - - - - - - - - - - - - X

     Defendants International Watch Group, Inc., Swiss Watch Outlet LLC and Joshua Friedman (collectively the "defendants") seek to challenge certain of plaintiff Firmode (International) Company Limited's confidentiality designations pursuant to Paragraph 8 of the "Stipulation and Order Governing Confidential Information" (the "Stipulation") signed by the parties. See ct. doc. 23. Defendants' counsel has submitted the documents at issue for in camera review. For the following reasons, the Court confirms plaintiff's confidentiality designations.

## BACKGROUND

     Plaintiff alleges that defendants failed to pay for watches that it manufactured and delivered to defendants. The documents challenged by defendants are largely invoices, which include pricing and vendor information, for the component parts that plaintiff purchased from its suppliers to manufacture the watches ordered by the defendants. Defendants' counsel argues that his

clients must be permitted access to the documents "to properly assess the merits of Plaintiff's claims for damages and to demonstrate Plaintiff's breaches and failure to properly perform in a timely manner." See ct. doc. 23 at 1.

The Stipulation provides in relevant part:

> The producing party may further restrict disclosure of [documents and testimony] to the opposing party by designating the material "HIGHLY CONFIDENTIAL." Such designation shall be restricted to such items as trade secrets as defined by the Restatement of Torts which would include any formula, pattern, device, compilation of information as used in one's business and it gives the party the opportunity to obtain an advantage over the competitors who do not know where to use it, and can include financial projections, business plans, statements of business policy or procedure, customer lists and customer information as well as sourcing information and all pricing information.

See ct. doc. 24-1. Documents designated "HIGHLY CONFIDENTIAL" are to be disclosed only to counsel for the parties and any expert or consultant they retain. Id. Although the Stipulation is termed "Stipulation and Order," the Stipulation was never separately filed to be "so ordered" by the Court. Since a copy has now been filed as part of plaintiff's response to the instant motion, the Stipulation is hereby "so ordered."

## DISCUSSION

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Rule 26(c)(1)(G) provides that the court may, for good cause shown, issue a protective order "requiring

that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "To determine whether good cause exists, courts balance 'the need for information against the injury that might result if uncontrolled disclosure is compelled.'" In re Zyprexa Injunction, 474 F. Supp. 2d 385, 413-16 (E.D.N.Y. 2007) (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994)).

Pricing and supplier information have been widely recognized as "confidential business information" that falls within the scope of Rule 26(c)(1)(G)(7) and warrants a protective order limiting disclosure to counsel for the parties. See, e.g., Brookdale Univ. Hosp. and Med. Ctr. v. Health Ins. Plan of Greater N.Y., No. 07-CV-1471, 2008 WL 451014, at *1 (E.D.N.Y. Oct. 7, 2008) (internal cost and vendor data); Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc., 236 F.R.D. 129 (E.D.N.Y. 2006) (manufacturing costs and communications with vendors); Cornell Res. Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, 67-68 (N.D.N.Y. 2003) (invoices and purchase orders); Moore U.S.A. Inc. v. The Standard Register Co., No. 98-CV-485C, 2000 WL 876884, at *2 (W.D.N.Y. May 26, 2000) (same); Vesta Corset Co., Inc. v. Carmen Founds., Inc., No. 97 CIV. 5139, 1999 WL 13257 (S.D.N.Y. Jan. 13, 1999) (pricing and costs); Sullivan Marketing, Inc. v. Valassis Commc'ns, Inc., No. 93 CIV. 6350, 1994 WL 177795, at *3-*4 (S.D.N.Y. May 5, 1994) (pricing); see also Lehman v. Dow Jones & Co., 783 F.2d 285, 298 (2d Cir. 1986)

(cost and pricing information are trade secrets); <u>Medtech Prods. Inc. v. Ranir, LLC</u>, 596 F. Supp. 2d 778, 804 (S.D.N.Y. 2008) (supplier lists and pricing information are trade secrets). Nevertheless, "[w]hether information merits protection in a particular case depends upon: 1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors." <u>ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.</u>, No. 08 Civ. 5737, 2009 WL 105503, at *3 (S.D.N.Y. Jan. 14, 2009).

Defendants do not dispute that the documents at issue contain confidential business information subject to the proposed protective order. Rather, defendants argue that the information is relevant and there is a need for disclosure to the parties. Although neither party has submitted affidavits in support of their positions, it is apparent that pricing and vendor information is not widely disseminated and that such information is of value to the plaintiff and disclosure to its competitors would give those competitors an advantage in the market. Although defendants at this juncture, do not appear to be direct competitors of plaintiff in the importation and distribution of the products at issue, disclosure of the "highly confidential" information could be used by the defendants themselves or by other competing importers or distributors with whom defendants

may engage in future business transactions.

On the other hand, defendants have not articulated how the information sought is relevant to the calculation of damages. The seller's remedy for a buyer's failure to pay for goods that have been accepted is the price of the contract. <u>See</u> U.C.C. § 2-709. Nor have defendants explained their claim that vendor and pricing information would "demonstrate Plaintiff's breaches and failure to properly perform in a timely manner." In any event, even assuming the relevance of the information, the defendants have not provided a compelling reason that they, rather than only their counsel, have a need to review the documents. The restriction on broader dissemination of the information will not prohibit the defendants from using the documents in litigation. Plaintiff's limited disclosure of the documents to counsel and experts balances the plaintiff's interest in confidentiality against the defendants' need to defend in this action.

## CONCLUSION

For the foregoing reasons, defendants' motion to challenge plaintiff's confidentiality designations is denied. The attached Stipulation is hereby "so ordered."

**SO ORDERED.**

Dated:　　Brooklyn, New York
　　　　　November 2, 2009

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　MARILYN D. GO
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE