# KOSS & SCHONFELD, LLP

ATTORNEYS AT LAW

500 FIFTH AVENUE, SUITE 3130
NEW YORK, N.Y. 10110
TEL: (212) 796-8914
FAX: (212) 401-4757
WWW.KANDSLLP.COM

SIMCHA D. SCHONFELD, ESQ*
*Also admitted in New Jersey
Writer's email: sds@kandsllp.com
Writer's direct dial: (212) 796-8916

March 26, 2012

**Via ECF and Federal Express**
Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:  Firmode v. International Watch
     Docket No.: 08-CV-04890

Dear Judge Gleeson:

We represent defendant/judgment debtors International Watch Group, Inc., Swiss Watch Group, LLC and Joshua Friedman. The parties have reached an agreement by which the judgment obtained by the plaintiff will be sold to a third party for the sum of $200,000.00 and all remaining claims and counter claims will be dismissed with prejudice. The funds have already been transferred to the escrow account of plaintiff's counsel. By service of this letter, I respectfully request that the Court review and "So-Order" the enclosed settlement agreement and accompanying exhibits. Plaintiff's counsel joins in the request.

Respectfully submitted,

Simcha D. Schonfeld, Esq.

CC (via ECF and Email):
Sheldon Eisenberger, Esq.

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Settlement Agreement") is hereby entered into as of the last date executed below (the "Effective Date") by and between:

1. FIRMODE (INTERNATIONAL) COMPANY LIMITED ("Firmode");
2. INTERNATIONAL WATCH GROUP, INC. ("IWG");
3. SWISS WATCH OUTLET LLC ("SWO");
4. JOSHUA FRIEDMAN ("Friedman") (IWG, SWO and FRIEDMAN are referred to collectively as "Defendants")

### RECITALS

**WHEREAS,** on or about December 4, 2008, Firmode commenced an action against Defendants in the United States District Court for the Eastern District of New York entitled *Firmode (International)Company, Ltd. v. International Watch Group, Inc. et al.* Case No.: 08-CV-4890 (the "New York Action"); and

**WHEREAS,** the New York Action was settled pursuant to a Settlement Agreement entered into on or about December 31, 2009 (annexed hereto as **Exhibit A**) (the "First Settlement Agreement"); and

**WHEREAS,** the First Settlement Agreement was So-Ordered by the court on January 26, 2010; and

**WHEREAS,** a Consent Judgment in the amount of $950,000.00 in favor of Firmode and against the Defendants was entered by the court on January 14, 2010 (the "Judgment") (Docket #59) (annexed hereto as **Exhibit B**); and

1

WHEREAS, subsequent to execution of the First Settlement Agreement, Firmode commenced actions related to enforcement of the terms of the First Settlement Agreement, including the following:

1. *Firmode (International) Company, Ltd. v. Imperial Coiffeurs*, Docket No.: L-000897-11 (Ocean County Civil Court, NJ); and
2. *Firmode (International) Company, Ltd. v. Rachelle Friedman*, Docket No.: L-1969-10 (Ocean County Civil Court, NJ); and
3. *Firmode (International) Company, Ltd. v. Gottlieb*, Case No.: 1:11-CV-3963 (E.D.N.Y.); and
4. *Firmode (International) Company, Ltd. v. Friedman et al.*, Case No: 1:10-CV-3180 (E.D.N.Y.); and
5. *Firmode (International) Company, Ltd. v. Landa*, Case No: 1:10-CV-1289 (E.D.N.Y.); and
6. *Firmode (International) Company, Ltd. v. Mark Engel, et al.*, Case No.: 3:11-00569 (D. Ct. N.J.).

WHEREAS, Firmode has sought discovery from numerous entities by service of discovery devices including, but not limited to, Subpoenas, including:

1. Signature Care Consultants; and
2. Sterling Care Consultants.

WHEREAS, the Judgment has not been satisfied; and

WHEREAS, the Parties hereto have agreed to resolve their disputes and effectuate satisfaction of Firmode's claims and rights pursuant to the First Settlement Agreement and the Judgment pursuant to the terms set forth herein;

2

NOW, THEREFORE, in consideration of the foregoing recitals and the Agreement herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the parties hereby agree as follows:

## AGREEMENT

1. Miklos Gottlieb or an entity under his control shall cause the sum of Two Hundred Thousand Dollars ($200,000.00) to be paid to Firmode as payment in full for the Judgment.

2. Firmode shall execute an Assignment of Judgment in the form annexed hereto as **Exhibit C** contemporaneous to the execution of this Agreement.

3. Firmode agrees to accept the sum referenced in ¶ 1 in full satisfaction of any and all claims advanced by Firmode against Defendants and all other parties named in (1) the New York Action; and (2) *Firmode (International) Company, Ltd. v. Imperial Coiffeurs*, Docket No.: L-000897-11 (Ocean County Civil Court, NJ); and (3) *Firmode (International) Company, Ltd. v. Rachelle Friedman*, Docket No.: L-1969-10 (Ocean County Civil Court, NJ); and (4) *Firmode (International) Company, Ltd. v. Gottlieb*, Case No.: 1:11-CV-3963 (E.D.N.Y.); and (5) *Firmode (International) Company, Ltd. v. Friedman et al.*, Case No: 1:10-CV-3180 (E.D.N.Y.); (6) and *Firmode (International) Company, Ltd. v. Landa*, Case No: 1:10-CV-1289 (E.D.N.Y.).

4. Firmode and the parties set forth below in subparagraphs (a) through (g) shall execute reciprocal Limited Releases in the form attached hereto as **Exhibit D**, releasing any and all claims against each other as set forth therein:

   a. LP Watch Group, Inc.;

    b. Rachelle Friedman;

    c. Miklos Gottlieb;

    d. Sol Friedman;

    e. Imperial Coiffeurs, Ltd. a/k/a Imperial Coiffeurs, Corp.;

    f. Signature Care Consultants;

    g. Sterling Care Consultants;

5. Firmode shall file a Stipulation of Discontinuance <u>with prejudice</u> in each of the actions set forth in ¶ 3 that remains pending. The payment referenced in ¶ 1 shall be made to The Law Offices of Sheldon Eisenberger as escrow agent for Firmode and shall be held in escrow until such time as confirmation is received that the Stipulations of Discontinuance referenced herein have been filed, whereupon the funds may be released to Firmode.

6. Except for the actions set forth above in ¶ 3, the parties hereto do represent and warrant that he, she, they or it has not commenced or joined in any other action, proceeding, suit, claim or counterclaim in any federal, state or foreign court, tribunal or administrative body against any party set forth herein including those set forth in ¶ 3(a)-(g) arising out of or related to any of the claims set forth in the New York Action, the actions set forth in ¶ 1 or the claims and allegations that are the subject of this Agreement. In the event that any party has commenced or otherwise joined an action referenced herein, he or it shall immediately withdraw from and discontinue said action with prejudice.

7. This Agreement replaces and supersedes all prior agreements between the Parties including, but not limited to the First Settlement Agreement.

4

8. **Release by Firmode**: Upon collection of the payment referenced in ¶ 1 above, Firmode shall be deemed to have irrevocably released Defendants, their officers, directors, members, affiliates, subsidiaries and related entities from all actions, causes of action, claims, counterclaims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents executions, attorneys' fees, claims, and demands whatsoever, in law, admiralty or equity, including, but not limited to, all claims and allegations set forth in the New York Action which Firmode, its affiliates, subsidiaries, heirs, executors, administrators, successors and assigns hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the Effective Date of this Agreement. The Release previously executed by Firmode and attached hereto as **Exhibit E** shall be deemed released by the escrow agent.

9. **Release by Defendants**: Upon collection by Firmode of the payment referenced in ¶ 1 above Defendants shall be deemed to have irrevocably released Firmode, its officers, directors, members, affiliates, subsidiaries and related entities from all actions, causes of action, claims, counterclaims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents executions, attorneys' fees, claims, and demands whatsoever, in law, admiralty or equity, including, but not limited to all claims and allegations set forth in the New York Action which Defendants, their affiliates, subsidiaries, heirs, executors, administrators, successors and assigns hereafter can, shall or may, have for, upon, or by reason of any

matter, cause or thing whatsoever from the beginning of the world to the Effective Date of this Agreement. The Releases previously executed by Defendants and attached hereto as **Exhibit E** shall be deemed released by the escrow agent.

10. **Non-Disparagement**: Firmode and its officers, directors, agents and representatives individually and collectively covenant, represent and warrant that they shall not and will not, from the date hereof, criticize, denigrate or disparage, directly or indirectly, Defendants and/or any of their present and former directors, officers, partners, managers, members, agents, employees or attorneys. Likewise, Defendants and their officers, directors, agents and representatives individually and collectively covenant, represent and warrant that they shall not and will not, from the date hereof, criticize, denigrate or disparage, directly or indirectly, Firmode and/or any of their present and former directors, officers, partners, managers, members, agents, employees or attorneys.

11. **Entire Agreement and Successors in Interest:** This Settlement Agreement contains the entire agreement between the parties with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

12. **Representation of Comprehension of Document:** This Agreement has been negotiated at arm's length among the parties, and each of the parties has been afforded the opportunity to have the Agreement reviewed by legal counsel. Accordingly, each of the parties shall be deemed to have participated in the preparation of this Agreement.

13. **Governing Law:** This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of New York without regard to any applicable conflicts of laws principles. Any litigation arising between the parties hereto, out of this Agreement, shall be brought in the Eastern District of New York or the Supreme Court of New York, Kings County.

14. **Additional Documents:** All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

15. **Severability:** The provisions of this Agreement are severable and the invalidity of one (1) or more of the provisions herein shall not have any effect upon the validity or enforceability of any other provision.

16. **Entire Agreement:** This Agreement and the Exhibits and other documents delivered pursuant hereto or incorporated herein by reference, contain and constitute the entire agreement among the parties with respect to the subject matter hereof and thereof, and supersede and cancel any prior agreements, representations, warranties, or communications, whether oral or written, among the parties relating to the transactions contemplated by this Agreement. Neither this Agreement nor any provision hereof may be changed, waived, discharged, or terminated orally, but only by an agreement in writing and signed by the parties hereto.

*(Signatures Appear on Next Page)*

7

**IN WITNESS WHEREOF**, each of the parties has caused this Agreement to be executed as of the Effective Date

Dated: 15-FEB-2012

Firmode (International) Company, Limited

By LEE CHUNG MING
Title: DIRECTOR

Dated: 2/21/12

International Watch Group, Inc.

By Joshua Friedman
Title President

Dated: 2/21/12

Swiss Watch Outlet, LLC

By Joshua Friedman
Title: Managing Member

Dated: 2/21/12

Joshua Friedman, Individually

SO ORDERED

_____
HON. JOHN GLEESON, U.S.D.J.

8